**STANLEY et al. v. UNITED STATES.**

No. 45178.

Court of Claims.

Oct. 5, 1942.

John C. Taylor, of Cincinnati, Ohio (Evert L. Bono, of Washington, D. C., on the brief), for plaintiffs.

Joseph H. Sheppard, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar) both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

MADDEN, Judge.

The question here is whether a gift was one made "in contemplation of death" so that the property given was required to be included in the donor's estate for purposes of taxation, or was, on the other hand, an ordinary gift inter vivos which separated the given property from the rest of the estate and subjected the given property only to the applicable gift tax. The amount of the difference in the taxes is $36,820.47.

The facts relating to the condition of the donor's health and state of mind, and the events preceding and accompanying the gift, are related in findings 5 to 14. We have, then, a case in which the decedent on August 16, 1935, made a gift of stock of a value of $200,000.00 and died on December 21, 1935, leaving a gross estate of a little less than $500,000.00.

The Revenue Act of 1926, c. 27, 44 Stat. 9, Sec. 302, as amended by Section 803 of the Revenue Act of 1932, c. 209, 47 Stat. 169, 26 U.S.C.A. Int.Rev.Acts, page 228, provided:

"Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\*　　\*　　\*　　\*　　\*

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title."

■ The presumption stated in the last sentence of the section is applicable. The Commissioner of Internal Revenue concluded, after consideration of plaintiffs' claim for a refund of the estate taxes paid, that the gift had been made in contemplation of death.

Our problem is whether plaintiffs have proved that the gift was not made in contemplation of death. The advanced age of the decedent, her helpless condition, and the several serious maladies which had afflicted her for some two years prior to the making of the gift point in the same direction as the statutory presumption. Plaintiffs urge, however, that the reason for the gift was that decedent's husband asked for it, for the purpose of being able to show a larger holding of the stock if the Securities and Exchange Commission should obtain and publish information as to his holdings.

The decedent had, by a will executed in 1933, left substantially all of her property to her husband. On March 12, 1935, not long before he requested the gift from her, she had made a codicil to her will in which she gave him outright only her half of the homestead, placing the rest of her property in trust for him for life, then for their son for life, then for the son's children absolutely. The husband's request, in these circumstances, tends to show that he was seeking to obtain by gift a considerable part of what the codicil had denied him. But he did not act with such haste as might have been expected if he had anticipated her early death. There seems to have been some delay, though the proof does not show how much, between the time he obtained her assent and the time he consulted his lawyer about the conveyancing. That consultation took place in June, yet he did not have the transaction completed until August.

On the other hand, his deliberation in bringing about the transfer makes one doubtful as to whether his real reason for wanting the stock was the one he expressed. If the Securities and Exchange Commission was already publishing the holdings of officers of some companies, he could hardly have had any assurance that his company would not be reached during the months that intervened between his request and the receipt of the stock. The evidence does not satisfy us that the husband's real reason for asking for the gift was that he wished to make to the Securities and Exchange Commission a showing of larger holdings of the stock.

Perhaps the husband's real reason is immaterial. Perhaps the reason which he expressed to the decedent and she believed is all that is material. We are, however, persuaded from all the circumstances of the case that the decedent would not have given away almost one-third of a large fortune, apparently without hesitation or deliberation, and contrary to the arrangements of her recently revised will, in response to a request based upon a reason which it seems to us would have carried very little weight in the opinion of a normal person. We think it probable that the reason that she did acquiesce was that she was ill and helpless and for that reason fairly indifferent as to the disposition of her property so long as it was kept within her family. We think that such a gift of property is made, not in contemplation of life, but of death.

That the husband at least was conscious of the problem of estate taxes is shown by the fact that within a month after the gift, he used the general power of attorney which

he held from the decedent to purchase, with her money, single premium life and annuity policies for a combined purchase price larger than the face of the life policy. This move could hardly have had any other motive than that of minimizing estate taxes. That it would be ineffective for that purpose was not known at that time. See Helvering v. Le Gierse, 312 U.S. 531, 61 S.Ct. 646, 85 L.Ed. 996.

Plaintiffs have not produced evidence which has persuaded us that the gift was not in contemplation of death. Their petition will, therefore, be dismissed.